SHERMAN, Respondent, v. HARRIS, Appellant.

(167 N. W. 325.)

(File No. 3593.  Opinion filed April 12, 1918.)

**Damages—Deceit in Bank Stock Sale—Worthless Assets, As Measure of Damages—"Majority Rule," Followed.**

In an action for damages for deceit through false representations as to value of the assets of a bank, some stock in which was sold to plaintiff, **held**, that a recovery as damages of the amount represented by diminution in value of the bank assets to the extent of face value of certain notes found by trial court to be worthless was the true measure of damages recoverable, whether considered under the "majority rule," or the "minority rule," as laid down in Hallem v. Martin, 40 S. D. 314, 167 N. W. 314; since, defendant having received cash for the stock, and plaintiff having received stock at par of a value less than par, the difference between par and actual value thereof represents damages under either rule.

Whiting, P. J., concurring specially.

Appeal from Circuit Court, Walworth County.  Hon. JOSEPH H. BOTTUM, Judge.

On rehearing.  Former decision affirmed.

For former opinion, See 36 S. D. 50, 153 N. W. 925.

*W. M. Potts,* and *L. W. Crofoot,* for Appellant.

*C. W. Stilwill,* for Respondent.

SMITH, J.  This case is before us on rehearing limited by the order granting rehearing to the single question of the measure of damages.  All other questions upon the appeal are finally disposed of by the former decision which will be found in 36 S.

D. 50, 153 N. W. 925, Ann. Cas. 1917C, 675. The transaction embraced a cash purchase of bank stock at par. The deceit alleged consisted of false representations as to the value of the assets of the bank. The trial court found, in substance, that the value of the stock was impaired to the extent of the face value of certain notes included in the assets of the bank, which notes were found by the court to be worthless, were rejected by the federal examiner, which was followed by an assessment upon the stockholders of the bank to make good the deficiency in the bank's assets so occasioned. Plaintiff claimed and was permitted to recover as damages the amount paid upon the assessment.

The only question presented at this time is whether the amount recovered represents the correct measure of damages resulting from the deceit practiced upon the purchaser of the stock. When the rehearing was granted a doubt existed in the minds of the members of the court as to the correct rule of damages in deceit actions, which was involved in the prior appeal of Hallen v. Martin, 167 N. W. 314, then pending before this court. The decision in that case settled that question by the adoption of what is there designated the "majority" rule. However, a re-examination of the findings of fact leads us to the conclusion that in the present case the damages recoverable would be the same under either rule, and that appellant has suffered no prejudice by reason of the damages awarded by the trial court.

The defendant having received cash for the stock, and the plaintiff having received stock at par of a value less than par, the difference between the par and actual value of the stock represents the damages under either rule.

We are not to be understood as holding that the amount of the assessment of stockholders by the federal authorities in itself represents the correct measure of damages for the deceit, but that the assessment in this case is substantially the same amount as the damages for the deceit, and the error, if any, of the trial court was therefore without prejudice.

The order and judgment of the trial court and the conclusions announced in our former decision are affirmed.

WHITING, P. J. (concurring specially). The trial court refused to adopt either one of the accepted rules of damages for deceit, but held the wrongdoer for the amount of an assessment

upon the bank made by the federal examiner, a long period after the purchase of the bank. That the ruling of the trial court was error is too clear to call for discussion. It is equally clear that the amount of damages under the "majority" rule (adopted by this court in Hallen v. Martin) would have been greater than the amount of such assessment, inasmuch as it would have included interest for a considerable period. It follows that the error was not prejudicial to appellant. I cannot agree that the damages under the so-called "minority" rule would have been the same as under the "majority" rule, as it appears perfectly clear that it would not. It therefore cannot concur in the statement to that effect in the majority decision. However such statement is but obiter.